On respondent State of Oregon's reconsideration filed May 27, and on respondent Grants Pass Irrigation District's reconsideration filed May 31, Grants Pass Irrigation District's reconsideration denied; State of Oregon's reconsideration allowed, former opinion (62 Or App 747, 663 P2d 30) adhered to July 27, State of Oregon's reconsideration denied September 16, both petitions for review allowed November 1, 1983 (295 Or 840) See 297 Or 312, 686 P2d 324 (1984)

## MILLER,
*Appellant,*

*v.*

## GRANTS PASS IRRIGATION DISTRICT et al,
*Respondents.*

## MILLER,
*Appellant,*

*v.*

## GRANTS PASS IRRIGATION DISTRICT et al,
*Respondents.*

## (77 716 L, 77 731 L; CA No. A22052)

667 P2d 4

Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, William F. Gary, Solicitor General, and Richard David Wasserman, Assistant Attorney General, Salem, for State of Oregon's petition.

W. V. Deatherage, and Frohnmayer, Deatherage, de Schweinitz & Pratt, Medford, for Grants Pass Irrigation District's petition.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendants petition for reconsideration. We deny the petition of Grants Pass Irrigation District and allow that of the State of Oregon.

In its petition for reconsideration, the state argues that we erred in holding "that the Marine Board could be held liable for plaintiffs' injuries because of its failure to promulgate rules governing boaters in the waters behind the Savage Rapids Dam," because plaintiffs had abandoned that theory of liability on appeal and should not have prevailed on that basis. The state misconstrues our holding. Contrary to the state's contention, we did not hold that it could be liable because the Marine Board failed to regulate use of the waters behind the dam. That substantive issue was not before us. The only issue before us was whether the state had established its immunity in the summary judgment proceeding.

The only relevance of the Marine Board's jurisdiction to that inquiry is to establish the Board's authority to regulate use of the waters behind the Savage Rapids Dam under ORS 488.600(1). The only question is whether the Board's failure to exercise that authority is nonfeasance for which there is immunity as a matter of law. *See Stevenson v. State of Oregon,* 290 Or 3, 619 P2d 247 (1980).

In the context of an allegedly hazardous condition in a waterway within the authority of the state to regulate, we cannot say that a decision whether to do so is a policy decision as a matter of law. A decision whether to regulate use is not like a decision to build a highway or initiate a new governmental program. *See Stevenson v. State of Oregon, supra,* 290 Or at 14. It is more akin to a decision whether or how to provide for safety on an existing roadway. Such decisions were held in *Stevenson* to be discretionary or not, depending on evidence of how the particular decision was made.

As the court stated in *Stevenson:*

"The case before us is one in which the nature of the underlying decision by highway division employes — whether to provide special shielding on the highway traffic lights or to make other changes to eliminate the alleged misleading condition — might or might not have been made in the exercise of governmental discretion.

"The burden is on the state to establish its immunity. In some instances, the nature of the function alone is sufficient to establish immunity. In other instances, evidence of how the decision was made is necessary. * * *

"The state has argued that there is immunity in this case because the arrangement of the traffic lights and the design of their shielding were appropriate matters for engineering judgment. It may be conceded that this is so, but there is nothing in the record to suggest that the responsible employes of the highway division made any policy decision of the kind we have described as the exercise of governmental decision." 290 Or at 15-16.

The only evidence before the court in this case was that the state had given no consideration to the regulation of use of the waters behind the Savage Rapids Dam. In our decision we held only that, under *Stevenson*, because no decision whatsoever had been made, there had been no exercise of policy judgment, and the state had therefore failed to establish its immunity.

Petition for reconsideration of respondent Grants Pass Irrigation District denied; petition for reconsideration of respondent State of Oregon allowed; former opinion adhered to.